## Quick & Grice *v.* Ashley

No. 40017          March 19, 1956          86 So. 2d 40

*Welch, Gibbes & Graves,* Laurel, for appellant.

*Luther Austin, Paul G. Swartzfager,* Laurel, for appellee.

HALL, J.

This suit is for the recovery of damages for the breach of a warranty in a contract for the drilling of a water well to supply appellee's home. It appears that on August 2, 1950, appellee gave to the appellant a written order for the drilling of a well sixty feet deep and for the pump and other accessories to be used in connection therewith. The order was signed by the appellee and was subject to the approval of appellant. Appellant ac-

cepted the order but the terms of the order are so indefinite as to what kind and size of well was to be drilled that, standing alone, it does not constitute a written contract since the terms thereof are utterly indefinite. Appellee testified that the deal was made with the manager of the branch office at Laurel, Mississippi, whose name is Howard Cole, and it is appellee's testimony that Cole guaranteed that the well would be satisfactory. Cole testified that he was the branch manager with authority to make the contract and to guarantee the well. Both testified that the well was guaranteed to be satisfactory to the appellee, both as to quantity of water produced and also as to the quality of the water. Shortly after the order was signed the well was drilled, not merely to the depth of sixty feet but to the depth of seventy-two feet, and on August 29, 1950, appellant made up another invoice on this well showing a total charge of $475.32 instead of the $439 stated in the original order. There were several changes made in the original order, as shown by the second invoice, including an entirely different type of electric pump.

The seventy-two foot well at first afforded a satisfactory flow of water but an unsatisfactory quality of water and finally went completely dry. Appellee called on appellant to make good its guarantee of the well and, in recognition of the guarantee, appellant drilled a second well in February 1952. The second well was located one hundred feet away from the site of the first well. When the drilling reached a depth of seventy-two feet a good stream of water was brought in, but appellant's agent advised appellee that he would not guarantee the well at that depth and insisted on going deeper and appellee agreed to this provided the second well would carry the same guarantee as the first one. The well was accordingly drilled an additional ninety-four feet in depth, making a total of approximately one hundred sixty-six feet. There was no order for and no writing of

any kind in connection with the drilling of the second well. After completion of the well the appellant made out an invoice to the appellee for an additional charge of $272.36. Apparently there must have been some subsequent equipment in connection with the well and fixtures since the total cost of both wells aggregated over $1,100, and they were financed with First Federal Savings & Loan Association of Hattiesburg, Mississippi, under a FHA loan, and at the time of the trial the appellee had made practically all payments as they fell due. The water in the second well proved to be as unsatisfactory as that in the first well and finally the appellee brought this suit in the County Court of Jones County for the recovery of damages in the amount of $1,144.90. Upon the trial the jury, after a view of the well on motion of the defendant and with the consent of the plaintiff, returned a verdict in favor of the plaintiff for $1,012.20. An appeal was prosecuted to the circuit court which affirmed the judgment of the county court, and the case is now brought to this Court for decision.

■■ ■ The first two points raised by the appellant are that it was entitled to a peremptory instruction and that the acts of the agent Cole in attempting to execute, modify and rescind the contracts were not within his actual or apparent authority. Both appellee and Cole testified positively that the guarantee was made, and Cole himself testified that he had the authority to make the guarantee as a part of the contract. Cole further testified that the well should be satisfactory to the customer, both in quantity and quality of water, for a period of ten years, and we think the issue was one for determination by the jury. We are further of the opinion that there was never any valid written contract between the parties and that the whole agreement was oral. Therefore we do not think that Cole's agreement was a modification or a rescission of the written order. The order was so uncertain and indefinite that it was

subject to be explained by oral testimony. The original order did not state whether it was to be a water well, an oil well, a gas well, or a sulphur well. It called for a rod pump and the appellant used a jet pump. There were also changes between the original order and the finished well as to the type of fixtures which were used in connection with the well. The whole issue in this case as to the terms of the contract and as to the authority of Cole, was for the jury, and we think the trial court was correct in leaving the matter to the jury for decision.

It is next contended that the verdict was excessive and was against the overwhelming weight of the evidence and was not supported by the evidence in this case. We do not agree with any of these contentions. The proof for the appellee showed damages in excess of the amount found by the jury and the evidence was ample to support the verdict not only as to the amount but as to the quantum of proof.

There is also a complaint as to the granting and refusal of some of the instructions to the jury. We have carefully examined all of the instructions, and we are of the opinion that taken as a whole they fully and fairly charged the jury as to the applicable law controlling in this case. The judgment of the circuit court, affirming the judgment of the county court, is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.